FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   AUG 19 2013   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GRACE ADAMS,

        Plaintiff,

      -v-

US BANK, NA, ND,
SPRINGLEAF FINANCIAL SERVICE/AIG,
  (formerly Wilmington Finance a division of AIG),
LXS 2007-7N (Certificate Holders)
Trott & Trott, PC, et al.

        Defendants.

_____/

**12CV4640 and 12CV4646**
KAM      KAM

**"MASS JOINDER"**

**"JURY TRIAL DEMANDED"**

## PLAINTIFF GRACE ADAMS' MOTION TO AMEND COMPLAINT TO JOINDER DEFENDANTS LXS 2007-7N (CERTIFICATEHOLDERS), AND TROTT AND TROTT, PC, FOR ILLEGAL FORECLOSURE, LACK OF STANDING, FRAUD AND MISREPRESENTATION, MISCONDUCT, AND FOR DECLARATORY AND INJUNCTION RELIEF UNDER 18 U.S.C. § 1001 (FALSE STATEMENT TO GOVERNMENT), 31 USC § 3729 - FALSE CLAIMS. SEE ALSOMCL 600.3204(3), MCL 600.3204 ET AL, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT (18 U.S.C.A. § 1961 ET SEQ.))

      Plaintiff Grace Adams' Motion to Amend Complaint to Joinder Defendants, LXS 2007-7N (Certificate Holders), and its attorney, Defendant Trott & Trott, PC, for illegal foreclosure, misconduct, misrepresentation, making false statements, and for filing fabricated eviction complaints, in three Michigan Local District Courts and illegally evicting Plaintiffs in this case. The Defendants resorted to fake documents because they could not legally establish true ownership of the loans when trying to foreclose violates statues UNDER 18 U.S.C. § 1001 (FALSE STATEMENT TO GOVERNMENT) 31 USC § 3729 - FALSE CLAIMS. SEE ALSO MCL 600.3204(3), MCL 600.3204 ET. AL.), attached as **Exhibit A.**

**JURISDICTION AND VENUE**

Jurisdiction is predicated upon 12 U.S.C. § 1833a (civil penalty action) including 18 U.S.C. § 1001 (false statement to government). 12 U.S.C. § 1833(a)(b)(1)-(2); *see also* 28 C.F.R. § 85.3, and 31 USC § 3729 - FALSE CLAIMS, Racketeer Influenced and Corrupt Organizations (RICO) Act (18 U.S.C.A. § 1961 et seq.).

**PARTIES AND RELEVANT NON-PARTIES**

Venue is proper. Plaintiff brings this action pursuant to 18 U.S.C. § 1001. (false statement to government), and 31 USC § 3729 - FALSE CLAIMS, and MCL 600.3204(3) - ILLEGAL FORECLOSURE which "ALL" Defendants failed. MCL 600.3204 et. al, Racketeer Influenced and Corrupt Organizations (RICO) Act (18 U.S.C.A. § 1961 et seq.) attached as Exhibit A.

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT (18 U.S.C.A. § 1961 ET SEQ.))**

In the instant case Defendants and their attorneys have willfully and intentionally filed three eviction complaints cases against three Plaintiffs in this case with materially false information. Defendants filed in three Michigan Local District Courts of Newaygo, Southfield, and Rochester Hills, Michigan in 2011, 2012, and 2013, stating falsely in Number 1 of the complaint, "That there are no other cases pending." This is a false statement.

On May 23, 2013, Defendants filed a fabricated eviction complaint against Plaintiff Grace Adams, in the 53RD District Court, Rochester Hills, Michigan, with materially false information. Defendants stated falsely on the eviction complaint that there were no other cases pending. The statement was false. There are two cases pending.

Defendants lacked standing to bring the eviction action. Nevertheless, on May 23, 2013, and in two other Plaintiffs' cases Defendants made the same false statement, "that no other cases were pending. Defendants filed the fabricated eviction complaint in the Rochester Hills, Court on May 23, 2013. Defendants violated 18 U.S.C. §§ 1001 by

making false statements to the Newaygo, Southfield, and Rochester Hills, Michigan District Courts, violates 18 U.S.C. § 1001 (false statement to government). 12 U.S.C. § 1833(a)(b)(1)-(2); *see also* 28 C.F.R. § 85.3. and 31 USC § 3729 - FALSE CLAIMS.

Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages." Barnsdall Refining Corn. v. Birnam Wood Oil Co.. 92 F 26 817. Any conduct capable of being turned into a statement of fact is representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts."Leonard v. Springer 197 Ill 532. 64 NE 301. If any part of the consideration for a promise be illegal, or if there are several considerations for an unseverable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise." Menominee River Co. v. Augustus Spies L & C Co., 147 Wis 559. 572; 132 NW 1122. The contract is void if it is only in part connected with the illegal transaction and the promise single or entire." Guardian Agency v. Guardian Mut. Savings Bank, 227 Wis 550, 279 NW 83. It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations. **Whipp v. Iverson, 43 Wis 2d 166.**

**Racketeer Influenced and Corrupt Organizations (RICO) Act (18 U.S.C.A. § 1961 et seq.).**

Finally, under Rico "A pattern is defined as "at least two acts of racketeering activity, one of which occurred after the effective date of [RICO's passage] and the last of which occurred within 10 years ... after commission of a prior act of racketeering activity." Under the law, no person may acquire or maintain an interest in an enterprise through a pattern of racketeering activity; and no person associated with or employed by an enterprise may conduct that enterprise's affairs through a pattern of racketeering activity.

The punishment for violating the criminal provisions of RICO is exceptionally severe. If convicted, a defendant is fined and sentenced to not more than 20 years in prison for each RICO violation. Furthermore, the defendant must forfeit any interest, claim against, or property or contractual right over the criminal enterprise, as well as any property that constitutes the racketeering activity or that was derived from the racketeering activity.

RICO contains civil provisions that allow a party who has been injured by a RICO defendant to recover from the defendant in civil court. A successful civil RICO plaintiff may collect treble damages, or three times the amount lost to the defendant, as well as attorney's fees and other costs associated with the litigation. The intent of the many and various sanctions is to cripple, and ultimately eradicate, organized crime enterprises.

**WHEREFORE**, Plaintiffs are entitled to damages and injunctive relief, and any other relief the Court deems fair because Defendants have (1) violated several statues and (2) failed to file a verified foreclosure and eviction complaints (3) Defendants were not the owner nor the holder of the Promissory Note in question at the time the Defendants filed their illegal foreclosure, in 2007, and (4) Res Judicada bars Defendant from repeatedly filing foreclosure actions against Plaintiff, over and over, again. (5) The Mortgage and Promissory Note is void, because Defendants lacked standing when they filed their first foreclosure Complaint in September, 2007, which had to be dismissed because Defendants did not have an assignment violated statue. Defendants second non-judicial Sheriff Sale, on February 29, 2011, is also void because no chain of title exists

4

and is not something Defendants can legally cure under MCL 600.3204 et. al. The Defendants could not legally establish true ownership of the loans when trying to foreclose violates statues UNDER <u>18 U.S.C. § 1001 (FALSE STATEMENT TO GOVERNMENT) 31 USC § 3729 - FALSE CLAIMS AND MCL 600.3204(3), SEE ALSO MCL 600.3204 ET. AL.),</u>

## CONCLUSION

Plaintiff Grace Adams is of legal age and was at all times relevant hereto, a resident of the County of Oakland, State of Michigan, the legal title holder and owner of certain residential real property located within the County of Oakland, State of Michigan, and upon which Defendant US Bank illegally foreclosed through the use of non-judicial foreclosures by advertisement as otherwise permitted under **MCL 600.3201,et seq.**

1. That there was no default in a condition of the mortgage.

    Under UCC §9-601(a), a secured party's right to enforce its security interest in collateral under Article 9 only arises "after default." Article 9 does not define "default," instead leaving to the parties' agreement. Plaintiff's Mortgage agreement would suggest performance by both parties entwined in the agreement. Therefore, due to immobilization of the lien, immediately after closing, said actors could not have performed under the Mortgage in good faith. Default is impossible under the realty of the transaction.

    That there is no INDEBTEDNESS secured by a MORTGAGE that exist because Plaintiff rescinded the loan in March, 2006, within a month after closing, on February 9, 2006.

Dated: August 13, 2013

       Respectfully submitted,

_____
Grace Adams, Pro Se
829 Langdon Court
Rochester Hills, MI 48307
(248) 651-7758


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 13th day of August, 2013, I filed with this Court a Motion to Amend Complaint, Joinder Defendants, for fraud perjury, and for false statements, misconduct, filing fabricated documents in the Court, and sent the foregoing documents by postal mail to the following:


**Plaintiff's Attorney**

Weltman, Weinberg & Reis, CO., LPA
By Stuart A. Best (P40744) Bill M. Clos (P65113)
2155 Butterfield Road, Suite 200 S, Troy, MI 48084
(248) 502-6115


Kerr Russell
By Edward C. Cutlip, Jr.,
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226

Trott & Trott, PC
31440 Northwestern Highway, Suite 200,
Farmington Hill, MI 48334

6

*Exhibit A*

*1 β 2*

# TROTT & TROTT

### A PROFESSIONAL CORPORATION

| HEADQUARTERS: | GRAND RAPIDS: |
|---|---|
| 31440 Northwestern Highway • Suite 200 | 4024 Park East Court • Suite B |
| Farmington Hills, MI 48334 | Grand Rapids, MI 49546 |
| 248-642-2515 • Fax 248-642-3628 | 616-942-0893 • Fax 616-942-0921 |

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

August 8, 2013

Grace Adams
829 Langdon Ct
Rochester Hills, MI 48307-2921

RE: Arthur L. Cartwright
    351 W Long Lake Rd
    Bloomfield Hills, MI 48304-2625
    T&T #351938F03

Dear Grace Adams:

Please be advised that our office is foreclosing the senior mortgage held by U.S. Bank National Association as trustee for the Certificateholders of LXS 2007-7N Trust Fund on the above-referenced property. We are bringing this matter to your attention as a courtesy. Our title work indicates Springleaf Financial Service/AIG, US Bank, N.A., et. al. holds a junior lien, in the original amount of $6,000,000.00, . As you are aware, this lien will be eliminated upon completion of foreclosure.

The sheriff's sale for the senior lien is currently scheduled for September 10, 2013. The redemption period will expire on March 10, 2014 (unless the property is determined to be abandoned in which case the redemption period may be shortened).

**If you would like any information pertaining to this file, please contact team FC H directly at (248) 593-1300.**

Sincerely,
Trott & Trott, P.C.

Foreclosure Department

Exhibit A

282

Grace Adams
829 Langdon Ct
Rochester Hills, MI 48307-2921